[No. 1381.]

ROBERT CARUTHERS *v*. THE STATE.

ASSAULT WITH INTENT TO MURDER—MALICE—CHARGE OF THE COURT.—
    In assault with intent to murder, as in murder, malice is an essential element, and the failure of the trial court to instruct the jury on the question of malice is fundamental error.

APPEAL from the District Court of Washington.    Tried below before the Hon. I. B. McFarland.

The offense charged by the indictment was an assault with intent to murder Catharine Geier.    The trial resulted in the conviction of the appellant, and the assessment against him of a term of five years in the penitentiary as punishment.

The transcript brings up no statement of facts.

No brief for the appellant.

*O. S. Eaton, Esq.*, for the State.

WILLSON, J.    Defendant was convicted of an assault with intent to murder.    In this offense, as in murder, malice is an essential element, and an explanation of the legal signification of malice is a part of the law applicable to the case, and must be given in charge to the jury.    Repeated decisions hold that it is fundamental error for the judge to omit such explanation from his charge. (*Babb* v. *The State*, 12 Texas Ct. App., 491, and cases there cited.)

In this case, the judge having failed to explain the term malice in his charge to the jury, the judgment of conviction must be reversed and the cause remanded for another trial.

*Reversed and remanded.*

Opinion delivered January 13, 1883.